IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **THE STATE OF GEORGIA** <br><br> **v.** <br><br> **CATHLEEN ALSTON LATHAM,** <br><br> **Defendant.** | **CIVIL ACTION FILE** <br><br> **No. 1:23-CV-03803-SCJ** <br><br> **RE: NOTICE OF REMOVAL OF FULTON COUNTY SUPERIOR COURT INDICTMENT NO. 23SC188947** |

**ORDER**

This matter appears before the Court following Defendant Cathleen Alston Latham's Notice of Removal of the State Court Action to Federal Court.[1] Doc. No. [1]. The Court enters this Order to comply with the requirements of 28 U.S.C. § 1455(b). The Court concludes that summary remand is not required based on the face of Latham's Notice of Removal. Thereby, the Court orders an evidentiary hearing be held on Latham's Notice of Removal, as further specified in this Order.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

**I.     BACKGROUND**

Latham is one of 19 Defendants named in the Indictment issued on August 14, 2023, in the Superior Court of Fulton County, Georgia in relation to Georgia's 2020 presidential election procedures. Doc. No. [1-1]. At the time of the acts alleged, Latham was a presidential elector nominee for the Republican Party.[2] Doc. No. [1], 4. The Indictment charges Latham with various violations of Georgia law related to actions taken while she was a presidential elector nominee. Id. at 8.

The Indictment's allegations against Latham involve both her actions at the December 14, 2020 meeting of Republican presidential elector nominees and her conduct involving election equipment at the Coffee County Board of Elections and Registration Offices on January 7, 2021. The Indictment charges Latham under Georgia's Racketeer Influenced and Corrupt Organizations Act (RICO), O.C.G.A. § 16-14-4(c) and names the following as overt acts in support of this charge arising from the December 14, 2020 presidential elector nominees meeting:

---

[2] Presumably Latham had been nominated as a presidential elector under Georgia law. See O.C.G.A. § 21-2-1, et seq.

- Impersonating a public officer (Doc. No. [1-1], 41 (Act 79));

- Committing forgery in the first degree for the document titled "Certificate of the Votes of the 2020 Electors From Georgia" (id. (Act 80));

- Making false statements and writings in the document titled "Certificate of the Votes of the 2020 Electors From Georgia" (id. at 42 (Act 81));

- Filing of false documents for the document titled "Certificate of the Votes of the 2020 Electors From Georgia" (id. (Act 82)).

The Indictment further specifies the following overt acts to support the RICO charge for Latham's conduct concerning election equipment at the Coffee County Board of Elections and Registration Offices:

- Calling co-Defendant Scott Hall "to assist with the unlawful breach of election equipment at the Coffee County Board of Elections & Registration Office in Coffee County, Georgia" (id. at 63 (Act 134));

- Coordinating Hall's pick-up at the airport to drive him to the Coffee County Board of Elections and Registration Office to "unlawful[ly] breach [ ] election equipment . . . ." (id. at 65 (Act 142));

- Interfering with elections (id. at 66 (Act 144));

- Unlawfully possessing ballots (id. (Act 145));

3

- Committing computer theft, computer trespass, and computer invasion of privacy (id. at 66–67 (Acts 146–149));

- Conspiring to defraud the State (id. (Act 149)); and

- Perjuring herself for testimony in another judicial proceeding relating to her actions at the Coffee County Board of Elections and Registration Office (id. at 71 (Act 160)).

The Indictment also charges Latham with specific violations of several Georgia statutes, for largely the same actions alleged in these aforementioned overt acts. See id. at 77–80 (Counts 8, 10, 12, and 14), 91–96 (Counts 32–37).

On August 25, 2023, Latham filed a Notice of Removal of the criminal prosecution in this Court. Doc. No. [1]. Latham asserts federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). As this case involves the removal of a criminal prosecution, the Court must determine if summary remand is required under 28 U.S.C. § 1455(b)(4).

## II.     LEGAL STANDARD[3]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). One such jurisdictional statute provides federal jurisdiction over "any officer (or any person acting under that officer) of the United States" for "any act under color of such office." 28 U.S.C. § 1442(a)(1). Federal officer removal "is an incident of federal supremacy and is designed to provide federal officials with a federal forum in which to raise defenses arising from their official duties." Florida v. Cohen, 887 F.2d 1451, 1453 (11th Cir. 1989) (citing Willingham v. Morgan, 395 U.S. 402, 405 (1969)). Section 1442(a)(1) removal requires "first, the case must be against any officer, agency, or agent of the United States for any act under color of such office; and second, the federal actor or agency being challenged must raise a colorable defense arising out of its duty to enforce federal law." Id. at 1453–54. "[R]egardless of whether the federal court would have had jurisdiction over the matter had it originated in federal

---

[3] The Court uses the same legal standards as it did in its previous summary remand orders for the other co-Defendants in the Indictment. See, e.g., Georgia v. Mark Randall Meadows, No. 1:23-cv-03621-SCJ (N.D. Ga.), ECF No. [6] (Summary Remand Order); Georgia v. Jeffrey Bossert Clark, No. 1:23-cv-03721-SCJ (N.D. Ga.), ECF No. [15] (same).

5

court, once the statutory prerequisites to § 1442(a)(1) are satisfied, § 1442(a)(1) provides an independent jurisdictional basis." Id. at 1454.

28 U.S.C. § 1455 allows specifically for the removal of a state criminal prosecution under certain conditions. Procedurally, the notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier" and must contain "all grounds for such removal." 28 U.S.C. § 1455(b)(1)–(2). Upon receiving the notice of removal, the federal district court must "examine the notice promptly" and determine if summary remand ought to be granted based on a clear lack of jurisdiction from "the face of the notice and any exhibits annexed thereto . . . ." Id. § 1455(b)(4). If summary remand is not ordered, then the district court must "promptly" hold an evidentiary hearing to determine "disposition of the prosecution as justice shall require." Id. § 1455(b)(5). Moreover, the filing of a notice of removal of a criminal prosecution under Section 1455 "shall not prevent the State court in which such prosecution is pending from proceeding further" even though a "judgment of conviction" cannot be entered until the prosecution is remanded. 28 U.S.C. § 1455(b)(3).

6

**III.   ANALYSIS**

The Court determines that Latham's Notice of Removal survives the summary remand inquiry and must be considered further at an evidentiary hearing. Preliminarily, Latham's Notice of Removal meets the procedural prerequisites of 28 U.S.C. § 1455(b)(1) and (2). She removed the criminal prosecution less than two-weeks after the Indictment was filed and before her arraignment, and thereby satisfies the timing requirements of Section 1455(b)(1). Her notice of removal, moreover, contains her arguments regarding the basis for removal and federal jurisdiction as required by Section 1455(b)(2).

The Court must also assess if, based on the notice of removal and its exhibits, "it *clearly appears* . . . that removal should not be permitted." Id. § 1455(b)(4) (emphasis added). To complete this inquiry, the Court must look at the basis of federal jurisdiction asserted because "28 U.S.C. § 1455 'merely provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision.'" Maine v. Counts, No. 22-1841, 2023 WL 3167442, at *1 (1st Cir. Feb. 16, 2023) (quoting Kruebbe v. Beevers, 692 F. App'x 173, 176 (5th Cir. 2017)). When a removing party clearly fails to meet a requirement of the underlying

7

basis for federal jurisdiction, then removal of the state criminal prosecution is not permitted. See, e.g., United States v. Raquinio, No. CV 23-00231 JMS-WRP, 2023 WL 3791638, at *2 (D. Haw. June 2, 2023) (rejecting removal under Section 1455 based on federal officer jurisdiction because the removing party failed to allege that he was a federal officer or agent); cf. also Hammond v. Georgia, No. 1:18-CV-5553-CAP-AJB, 2018 WL 10626009, at *2 (N.D. Ga. Dec. 21, 2018), report and recommendation adopted, No. 1:18-CV-5553-CAP, 2019 WL 8375921 (N.D. Ga. Jan. 16, 2019). Gilmore v. Glynn Cnty. Superior Ct., No. 2:18-CV-68, 2018 WL 6531685, at *2 (S.D. Ga. Dec. 12, 2018), report and recommendation adopted, No. 2:18-CV-68, 2019 WL 339629 (S.D. Ga. Jan. 28, 2019).

The Court determines that, on the face of Latham's Notice of Removal and its attachments, it does not clearly lack jurisdiction to require summary remand. Latham asserts jurisdiction under 28 U.S.C. § 1442 as both a federal officer and as someone acting under the direction of federal officers. Section 1442 allows for federal jurisdiction when "the case [is] against any officer, agency, or agent of the United States for any act under color of such office" and that "the federal actor

or agency being challenged [raises] a colorable defense arising out of its duty to enforce federal law." Cohen, 887 F.2d at 1453–54.

Latham contends that she was a federal officer because she was a presidential elector nominee at the time of the acts alleged. Doc. No. [1], 8. She alternatively asserts that she was acting under the direction of federal officers by "acting to assist Congress" and "acting to assist the President" through the instructions of the President's legal counsel. Id. at 9–10. Latham submits further that she was acting in these federal officer capacities at the time of conduct alleged. Id. at 10. Finally, Latham indicates that she will raise several federal defenses, such as Supremacy Clause immunity and defenses under the First Amendment and Due Process Clause. Id. at 11–14.

Accordingly, the Court finds that Latham's Notice of Removal and the attachments thereto are sufficient to survive Section 1455(b)(4)'s summary remand inquiry. The Court emphasizes that this Order offers no opinion on the Court's ultimate determination of its subject matter jurisdiction over this case or the viability of Latham's federal defenses. Pursuant to 28 U.S.C. § 1455(b)(5), the Court will make its final determination on these matters once they have been completely argued and briefed and are ripe for the Court's full review. To

reiterate, this Order's limited conclusion is that the Court, based solely on the face of the Notice of Removal and its attachments, does not clearly lack subject matter jurisdiction over Latham's Notice of Removal. Thus, the Court will proceed with an evidentiary hearing pursuant to 28 U.S.C. § 1455(b)(5).

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes the face of Latham's Notice of Removal (Doc. No. [1]) and attachments, including the Indictment (Doc. No. [1-1]), does not clearly indicate that summary remand of this matter is required. No opinion about whether removal will be permitted, or the merits of Latham's federal defenses is being made at this time.

Pursuant to 28 U.S.C. § 1455(b)(5), the Court **ORDERS** that the Parties participate in an evidentiary hearing concerning the Notice of Removal of the Indictment against Cathleen Alston Latham on **Wednesday, September 20, 2023**, at **9:30 A.M.** at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia, in Courtroom 1907. Given the overlap in arguments and evidence, and in the interest of judicial economy, Latham's hearing will be held in conjunction with the evidentiary

hearing of her co-Defendant, David James Shafer (Civil Action No. 1:23-cv-03720-SCJ, NDGa.).[4]

The Fulton County District Attorney's Office may submit a written response to Latham's Notice of Removal no later than **Thursday, September 7, 2023**. Any response submitted must not exceed **25 pages** in length.

In the interim, pursuant to 28 U.S.C. § 1455(b)(3), proceedings may continue in the Superior Court of Fulton County, Georgia.

IT IS SO ORDERED this 29th day of August, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[4] For example, both Latham and Shafer submit the same expert report on presidential elector nominees in their Notices of Removal. See, e.g., Doc. No. [1-2].