IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA<br><br>v.<br><br>DAVID JAMES SHAFER,<br>   Defendant. | CIVIL ACTION FILE<br><br>No. 1:23-CV-3720-SCJ |
| THE STATE OF GEORGIA<br><br>v.<br><br>SHAWN MICAH TRESHER STILL,<br>   Defendant. | CIVIL ACTION FILE<br><br>No. 1:23-CV-3792-SCJ |
| THE STATE OF GEORGIA<br><br>v.<br><br>CATHLEEN ALSTON LATHAM,<br>   Defendant. | CIVIL ACTION FILE<br><br>No. 1:23-CV-3803-SCJ |

## ORDER

This matter appears before the Court on Defendants' Motion to allow Professor Todd Zywicki to testify via video teleconference technology at the September 20, 2023 Consolidated Hearing on Defendants' removal cases. Georgia v. Shafer, No. 1:23-cv-3720, Doc. No. [10] (N.D. Ga. Sept. 14, 2023). Defendants argue that "Professor Zywicki's expertise regarding Georgia election law . . . is highly relevant to the matters for which Defendants have the burden to prove under 28 U.S.C. § 1442." Id. at 4. Defendants also explain that Professor Zywicki is unavailable to appear in person because he currently serves as a visiting scholar at the University of Colorado and has class schedule and other commitments preventing him from appearing in Atlanta, Georgia, on September 20, 2023. Id. at 3.

Having reviewed Defendants' request, the Court **DENIES** the Motion. "District courts have broad discretion and wide latitude in conducting [hearings] and maintaining the courtroom and parties." Neal v. Cassiday, No. 3:06-CV-8/RV/MD, 2009 WL 691878, at *2 (N.D. Fla. Mar. 13, 2009). Following consultation with the United States Marshals Service and Local Rule 83.4(B),
2

NDGa. (concerning special orders for widely publicized cases), the Court cannot accommodate the request for video testimony. The Court is sensitive to the fact that Defendants bear the burden of proving the Court's jurisdiction over their criminal cases. The Court also understands that the Defendants seek to meet their burden by having Professor Zywicki testify at the evidentiary hearing.

However, except for during the COVID-19 pandemic, this Court routinely denies requests to allow witnesses to testify via video.[1] Given that this hearing has been scheduled for several weeks, the highly publicized nature of these cases, and the unique security concern that streamed video testimony presents, the Court declines to allow live video testimony. Cf. In re 3M Combat Arms Earplug

---

[1] In support of their motion, Defendants cite Alpha Phi Alpha Fraternity, Inc. v. Raffensperger, No. 1:21-cv-5337 (NDGa.), when the Court allowed witnesses to testify remotely via Zoom. Georgia v. Shafer, No. 1:23-cv-3720, Doc. No. [10], 5. When the Court held the preliminary injunction hearing in the Alpha Phi Alpha case, there was a rise in COVID-19 cases throughout the nation and in Georgia. There were also COVID-19 Mitigation Protocols in place. See Alpha Phi Alpha, No. 1:21-cv-5337, ECF No. 66, 6. The Parties agreed to allow one witness to testify via Zoom because of the pandemic. Additionally, one witness was permitted to testify via Zoom when he was recalled on rebuttal due to a commitment to testify in a different, out-of-state court proceeding. The reasons behind the Court's decision in the Alpha Phi Alpha case are not present in these cases.

Prod. Liab. Litig., No. 3:19MD2885, 2022 WL 1143327, at *1 (N.D. Fla. Apr. 18, 2022) ("'[A] party who could reasonably foresee the circumstances offered to justify [remote] testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.' Mere inconvenience or logical difficulties cannot satisfy the standard." (citing Fed. R. Civ. P. 43)).

Accordingly, the Court **DENIES** Defendants' Motion to allow for video testimony.

**IT IS SO ORDERED** this 14th day of September, 2023.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**